ROGER B. LENZMEIER v. DARLENE J. LENZMEIER.

231 N. W. 2d 71.

May 30, 1975—No. 45134.

*Roger R. Lenzmeier*, pro se, for appellant.

*Desmond F. Pratt, O. C. Adamson II*, and *Robert M. Frisbee*, for respondent.

Heard before Rogosheske, Yetka, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from a judgment of the Ramsey County District Court, entered in actions for specific performance and for a divorce, denying to plaintiff, Roger R. Lenzmeier, specific performance of an antenuptial agreement and partition of the homestead and awarding to defendant, Darlene J. Lenzmeier, the sole and complete possession of the homestead subject to a lien, in favor of plaintiff, for payment to him within two years of $16,800, without interest.[1] Affirmed.

---

[1] Appellant does not challenge the portion of the judgment granting the parties a divorce from each other.

The parties to this action were married in St. Paul, Minnesota, on December 30, 1967. Both had been married previously, but both marriages ended upon the death of the respective spouses; the defendant had three minor children from her prior marriage.

A homestead was purchased by the parties on February 1, 1968, to which each of the parties contributed, as found by the court, as follows: Plaintiff, 53 percent; defendant, 47 percent. The monies used in this purchase were acquired by both parties prior to this marriage, and all assets and income were maintained on a separate basis during the marriage.

On December 28, 1967, prior to the marriage, the parties entered into an antenuptial agreement which provides, in pertinent part, as follows:

"1. That all properties of any kind or nature, real, personal or mixed wherever the same may be found, which belong to each party shall be and forever remain the personal estate of said party including all interest, rents and profits which may accrue therefrom.

"2. That the parties hereby declare it to be their intention that during their marriage each of them shall be and continue to be completely independent of the other as regards the enjoinment [sic] and disposal of all property, whether owned by either of them at the commencement of the marriage or coming to either of them during the marriage. Accordingly, they agree that all property belonging to either of them at the commencement of the marriage or coming to either of them during the marriage shall be enjoyed by him or her, and be subject to the dispositions of him or her, as his or her separate party [sic], and after the death of either it shall be free from any claim by the other on account of dowry, courtesy [sic] or other statutory right in the same manner as if the marriage had never been celebrated.

"3. It is agreed that in case either of the parties desires to mortgage, sell or convey his or her real or personal estate each one will join in the deed of conveyance or mortgage as may be necessary to make the same effectual.

"4. That the parties hereto will as soon as practical after the execution of this agreement purchase a home hereinafter called the homestead in joint tenancy and in the event that Roger R. Lenzmeier were to predecease Darlene Pecelj, then said property would vest in Darlene Pecelj free and clear of any claims by the heirs of Roger R. Lenzmeier and in the event that Darlene Pecelj predeceases Roger R. Lenzmeier, then said property would be appraised by and sold and fifty per cent (50%) of the proceeds thereof would be paid to the issue of Darlene Pecelj in equal shares."

The court received evidence of Social Security and Veterans Administration benefits received by defendant in the monthly amounts of $529.80 and $76.00 respectively for the benefit of her three minor children. Such allowances were continued during defendant's marriage to plaintiff, while other allowances to her personally, based upon the death of her first husband, were discontinued upon her remarriage.

Following the commencement of the divorce action by the plaintiff on January 5, 1973, he requested, by letter of January 8, 1973, a voluntary sale of the homestead, relying upon the provisions of the antenuptial agreement. On January 23, 1973, plaintiff commenced an action for specific performance of that agreement and partition of the homestead.

Interim proceedings in the divorce action were held before the Family Court referee, and in his recommended order for temporary relief, which was adopted by the court, the referee recommended that the plaintiff vacate the homestead premises and that such premises be used exclusively by the defendant.

Although the divorce action and the action for specific performance and partition were not consolidated for trial, the court heard both without a jury and issued one decision relative to the two matters. The court found that both parties were entitled to a judgment granting absolute divorce and to the stipulated division of property. The specific performance and partition of the homestead sought by plaintiff were denied, the court held that each party was entitled to all property acquired before marriage, and the homestead was awarded to defendant subject to the terms set forth above.

The plaintiff initially contends that, pursuant to the provisions of Minn. St. c. 558, persons co-owning property have an absolute right to partition. Such a contention is further based upon the terms of the antenuptial agreement and language of Wilson v. Wilson, 43 Minn. 398, 45 N. W. 710 (1890).

In construing what it found to be an ambiguous antenuptial agreement, the lower court stated:

"The Court in the instant case continues to conclude that paragraph 4 of the Lenzmeier agreement is an exception to the provisions of paragraphs 1 and 2, but adds that the dispositive provisions of the 4th paragraph were not intended to apply in the event of divorce. At the same time, the defendant had given adequate consideration to the contract that she would have a home. Plaintiff is not entitled to partition to force a sale of the home and removal of defendant from it. The plaintiff should be entitled to retain his interest in the home, subject to dis-

position in the divorce action, but not to avoid his obligations to the defendant in event of divorce.

"The plaintiff contributed 53% of the total cost of the home and the defendant contributed 47%. The present value of the premises is approximately $60,000. The present value of plaintiff's interest in the premises is $31,800 and of defendant's interest is $28,200."

We conclude that the lower court was correct in its construction of the agreement. A careful reading of the agreement indicates that, by specifically providing for disposition of the homestead property upon the death of either spouse, paragraph 4 was intended, as found by the lower court, as a provision separate and apart from the comprehensive purview of paragraphs 1 and 2. Therefore, the event of the divorce cast this homestead property into that category of assets to be dealt with during the divorce proceedings.[2]

The plaintiff then challenges the jurisdiction of the Ramsey County Family Court under Minn. St. 484.64 to hear and dispose of questions regarding property of the parties to a divorce. Minn. St. 484.64 provides in pertinent part:

"Subd. 2. The district court judge, family court division, shall hear and determine *all matters involving divorce*, annulment or separate maintenance, including proceedings for civil contempt for violations of orders issued in such proceedings. In addition, he shall hear and determine paternity actions, reciprocal enforcement of support actions and criminal non-support cases." (Italics supplied.)

The language of the subject provision sets forth proper proceedings to be held before the family court, although the list is clearly not exclusive. A claim that this division of the district court is without power to hear matters otherwise attendant to divorce proceedings is without foundation, and the court had jurisdiction over the distribution of property.

There is conclusive authority for the proposition that the court has broad discretion in its division of property. Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970); Zager v. Zager, 295 Minn. 517, 202 N. W. 2d 871 (1972). Further, each case is to be considered in light of its particular facts. Krohn v. Krohn, 284 Minn. 95, 169 N. W. 2d 389 (1969).

---

[2] See, Safranski v. Safranski, 222 Minn. 358, 24 N. W. 2d 834 (1946), wherein the legal effectiveness of an antenuptial agreement based upon the event of divorce is questioned.

The lower court concluded that, during the period of adjustment, the defendant should receive some benefits from the plaintiff. To satisfy this requirement, the court awarded, "[a]s a property division, in lieu of all alimony and allowance for attorneys fees," to the defendant the complete and full title to and possession of the homestead. As a practical matter, the plaintiff has been restored to his relative financial position prior to the marriage, Kendall v. Kendall, 289 Minn. 494, 181 N. W. 2d 894 (1970), subject, of course, to the provision for readjustment.

Therefore, a review of the record indicates that the district court has not abused its discretion in awarding the homestead to the defendant subject to the lien in favor of the plaintiff. Palmi v. Palmi, 273 Minn. 97, 140 N. W. 2d 77 (1966).

The judgment of the lower court is affirmed in all respects.

Defendant is allowed $400 attorneys fees for this appeal.

Affirmed.