Lenora Ann **KLEINHUIZEN**, Appellant,

v.

Larry James **KLEINHUIZEN**,
Respondent.

No. C7-84-98.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Ronald R. Frauenshuh, Sr., Frauenshuh & Fahlberg, Paynesville, for appellant.

Boyd Beccue, Schneider, Neeser, Beccue & Kallestad, Willmar, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

LANSING, Judge.

Appellant Lenora Kleinhuizen appeals from an order denying her motions (1) to compel her former husband, Larry Kleinhuizen, to continue paying child support past their child's eighteenth birthday and until her graduation from high school, and (2) for an increase in child support for both of their children or, in the alternative, for the minor child. The trial court determined that (1) state law in effect at the time of the dissolution terminated the child support obligation when the child turned 18, and (2) appellant did not show a sufficient change in circumstances to justify a modification of the child support award. We affirm.

## FACTS

The marriage of Lenora Kleinhuizen and Larry Kleinhuizen was dissolved on April 28, 1982. The couple had two children, Tamela, born November 7, 1965, and Tara, born August 23, 1968. At the time of the dissolution Tamela was 16½ years old and Tara was nearly 14. The mother received primary custody and $800 per month in child support and maintenance. After eight months the payments decreased to $500, representing $250 "per month, per child." The decree did not set a date for termination of child support, nor did it make findings on either party's income at the time.

The father stopped making child support payments for Tamela when she turned 18 on November 7, 1983. One week later the mother moved to compel continuation of support payments until Tamela graduated from high school. In addition, she moved for an increase in child support for both Tamela and Tara or, in the alternative, only for Tara. The father moved to amend the dissolution decree to provide for pro rata reduction of child support payments for any month in which the children visit him for more than a total of six days.

When the motion was brought, the mother's income was $552.34 per month. She admits that her earnings have not changed substantially since the dissolution. She claims that the father's income has substantially increased, based on a comparison of his 1982 net taxable income of $32,291 with his $3,044 per month income for 1983 ($36,528 per year). Adding his 1982 itemized deductions and deducting his withholding tax, she computes a 7.67 percent increase from 1982 to 1983. He admits an increase of about four percent from 1982 to 1983.

The trial court denied the motions to amend and held that support payments for Tamela properly terminated on her eighteenth birthday. Tamela now resides with her father.

## ISSUES

1. Must respondent continue child support payments past the child's eighteenth birthday and until graduation from high school?

2. Does the record show a sufficient change in circumstances to justify modification of the child support award?

## ANALYSIS

### I

Under Minnesota law, "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child * * *." Minn.Stat. § 518.64, subd. 4 (1982). "Child" is defined by law in effect at the time of the Kleinhuizens' dissolution as "an individual under 18 years of age or an individual who, by reason of his physical or mental condition, is unable to support himself." Minn.Stat. § 518.54, subd. 2 (1982). The Minnesota Supreme Court has indicated that under this statute the court has authority to require support beyond the date the child attains majority

if proof of a physical or mental deficiency or inability for self-support is presented. *See McCarthy v. McCarthy,* 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974); *Kiesow v. Kiesow,* 270 Minn. 374, 385, 133 N.W.2d 652, 660 (1965).

■ The dissolution decree awarded the mother $250 "per month, per child" and set no termination date for child support payments. The mother has presented no evidence and does not claim that Tamela has any physical or mental deficiency, and she has not shown that Tamela is unable to support herself. The father's support obligation for Tamela, therefore, ended when she became 18.

It should be noted that in 1983 the statutory definition of "child" was changed to include "an individual under age 20 who is still attending secondary school." Act of May 17, 1983, ch. 144, § 1, 1983 Minn.Laws 389, 390 (amending Minn.Stat. § 518.54, subd. 2 (1982)). The amendment expressly states that it is effective as of the day following enactment (May 17, 1983) and that it "applies to all awards of child support made in actions for dissolution or legal separation commenced on or after that date." Ch. 144, § 2, 1983 Minn.Laws at 390. Because the Kleinhuizens' dissolution took place in 1982, the amendment cannot provide a basis to extend the support payments in this case.

## II

■ The mother also appeals from the trial court's denial of her motion for an increase in child support for both Tamela and Tara or, in the alternative, only for Tara.

Minnesota law authorizes the trial court to modify a child support award when either party has "substantially increased or decreased earnings" or "substantially increased or decreased need," in addition to other circumstances not relevant here. Minn.Stat. § 518.64, subd. 2 (Supp.1983).

The review of earnings is particularly difficult in this case because the trial court failed to make specific factual findings on either party's income at the time of the dissolution. The mother has admitted, however, that her earnings have not changed since the dissolution. She has not presented any proof of increase in her needs. Some of her needs have actually decreased; both attorneys admit that Tamela now lives with her father and receives $100 per month from him as an allowance. Her request for modification is based solely on her argument that the father's increase in earnings (estimated between 4 and 7.67 percent) and her loss of $250 per month for Tamela's support constitute a substantial change in circumstances.

Judicial interpretation of § 518.64 and its predecessors has established that modification of a child support award is appropriate "only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the dissolution * * *." *Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980). Trial courts are to modify awards "cautiously" and only when a "substantial change in circumstances renders modification equitable." *Id.,* 295 N.W.2d at 372. The father's earnings have not increased substantially since the dissolution. The loss of child support for Tamela was foreseeable under the provisions of the decree and cannot be considered in determining whether the mother's earnings have decreased. We cannot say the trial court abused its discretion in refusing to modify the child support award.

## DECISION

Under the law applicable at the time of the Kleinhuizens' marriage dissolution, Larry Kleinhuizen's child support obligation for Tamela ended on her eighteenth birthday. Because Lenora Kleinhuizen did not show a change in circumstances sufficient to require modification of the child support award, the trial court did not abuse its discretion in denying her motions, and its judgment must be affirmed.

Affirmed.