**In re The Marriage of Paul L. YACKEL, Petitioner, Appellant,**

**v.**

**Janetha R. YACKEL, Respondent.**

**No. C3–84–1703.**

Court of Appeals of Minnesota.

April 23, 1985.

Richard Caldecott, Caldecott, Greer & Forro, Minneapolis, for appellant.

M. Sue Wilson, Minneapolis, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

HUSPENI, Judge.

Paul Yackel appeals from those provisions of the marriage dissolution decree involving the division of property and debts, the application of Minnesota law in setting child support, and the award of attorney's fees. We affirm as modified.

## FACTS

The parties were married in November 1971. The dissolution action was commenced August 18, 1982. Two children, ages 3 and 6 at the time of dissolution, were born of the marriage. The father is a drywall taper with a net monthly income of $1,907. He estimates his monthly expenses at approximately $900. The mother is a

secretary with a net monthly income of $707. She estimates monthly living expenses for herself and the children to be approximately $1,600.

During their marriage, the parties purchased a homestead which is presently valued at $60,000 and is subject to a $34,000 mortgage. The parties incurred debts on three charge accounts in the total amount of $3,700.

In the Judgment and Decree of Dissolution, the trial court awarded the homestead to the mother, subject to all encumbrances, and subject to a lien in favor of the father for half the homestead equity. The lien is to be satisfied in 1998 when all the children reach the age of majority. Earlier occurrences, including remarriage by the mother or voluntary sale of the homestead, would also require satisfaction of the lien.

The mother was granted custody of the parties' minor children. Father was ordered to pay child support in the amount of $500 per month until the children reach the age of 20 if they are still attending secondary school, the outstanding debts of the parties, and $1,250 representing one-half of the mother's attorney's fees. Father's share of an income tax refund ($698) was to be applied toward this attorney's fees obligation.

## ISSUES

1. Did the trial court abuse its discretion in the division of property and debts?

2. Did the trial court appropriately apply Minnesota law in determining the duration of child support?

3. Did the trial court abuse its discretion in awarding attorney's fees?

## ANALYSIS

1. Minn.Stat. § 518.58 (1982) requires that the trial court make a just and equitable disposition of the property in a dissolution action. The statute requires the court to:

> * * * base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the

age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.58 (1982).

■ Trial courts have broad discretion regarding property division in dissolution cases. That discretion should not be overturned unless it was clearly abused. *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977). Each division of property must be considered in light of the particular facts of that case. *Lenzmeier v. Lenzmeier*, 304 Minn. 568, 231 N.W.2d 71 (1975). Debts are apportionable. *Filkins v. Filkins*, 347 N.W.2d 526 (Minn.Ct.App.1984). Where evidence supports the trial court's division, this court must affirm even if it would have reached a different conclusion in the first instance. *Dahlberg v. Dahlberg*, 358 N.W.2d 76 (Minn.Ct.App.1984).

■ The father contends that the mother should be ordered to either sell the homestead or take out a second mortgage on it so that father can obtain a portion of his equity within two years. Among the many difficult decisions a trial court must make in a dissolution proceeding is that regarding disposition of the homestead. Should the nonpossessory party be required to delay receipt of his or her share of the equity, and if so, for how long? Consideration must be given, but certainly need not be limited to, such factors as the ages and circumstances of the minor children and how their best interests might be served by either retention or sale of the homestead, the financial condition of both parties, and the cost of maintaining the homestead.

■ The father cites no case in which the trial court has been deemed to have abused its discretion by allowing the custodial parent and children to have continued

homestead occupancy. Further, it is undisputed that the mother and children's expenses would exceed their income if she is forced to take out a second mortgage. The present monthly mortgage payment is a modest $319. The trial court specifically noted that "in view of the (mother's) relatively low income and the needs of the minor children, it is fair and reasonable that the (mother) be awarded the property subject to a lien in favor of the (father)." We find no abuse of discretion regarding the homestead determination.

■ The father further contends that the trial court abused its discretion in requiring him to pay the debts of the parties consisting of $3,700 to creditors and approximately $5,000 allegedly owed to his parents.

There was conflicting testimony at trial regarding the existence of any debts to the father's parents. Further, there was no written evidence of the alleged debts. Although the trial court made no specific finding regarding the existence of the alleged debts, it did indicate that it questioned the certainty of the debts by ordering the father to pay any obligation which "may" be owed to his parents.

In light of the relative incomes and expenses of the parties, and considering the uncertainty of the obligation to the father's parents, we find no abuse of discretion in the apportionment of debts.

2. The father also objects to the requirement that he pay child support until the children reach the age of 20 if they are still attending secondary school.

Under Minnesota law, "[u]nless otherwise agreed in writing or expressly provided in the decree, provisions for support of a child are terminated by emancipation of the child * * *." Minn.Stat. § 518.64, subd. 4 (1982). At the time of the parties' dissolution, Minnesota statutes defined "child" as "an individual under 18 years of age or an individual who, by reason of his physical or mental condition is unable to support himself." Minn.Stat. § 518.54, subd. 2 (1982).

In 1983, the statutory definition of "child" was changed to include "an individual under age 20 who is still attending secondary school." Act of May 17, 1983, ch. 144, § 1, 1983 Minn.Laws 389, 390 (amending Minn.Stat. § 518.54, subd. 2 (1982)). The amendment expressly states that it is effective as of the day following enactment (May 18, 1983) and that it "applies to all awards of child support made in actions for dissolution or legal separation commenced on or after that date." Ch. 144, § 3, 1983 Minn.Laws at 390.

■ Because the parties' dissolution action was commenced August 18, 1982, the amendment cannot provide a basis to extend the support. *See Kleinhuizen v. Kleinhuizen,* 354 N.W.2d 588 (Minn.Ct.App. 1984). Accordingly, that portion of the trial court's award of child support which requires payment to age 20 if the child is still attending secondary school cannot stand. In this case, child support may continue only to age 18.

■ 3. Allowance of attorney's fees is within the discretion of the trial court. Minn.Stat. § 518.14 (1982). The standard of review requires a finding of a clear abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606 (Minn.1977). Again considering the relative financial positions of the parties, we find no abuse.

## DECISION

The trial court did not abuse its discretion in the division of property and debts or in awarding attorney's fees.

The trial court improperly continued child support to age 20 if the child was still in secondary school. Child support may continue only to age 18.

Affirmed as modified.