**In re the Marriage of Karen L. TUCKER, petitioner, Appellant,**

v.

**James H. TUCKER, Respondent.**

**No. CX–85–171.**

Court of Appeals of Minnesota.

May 28, 1985.

Review Denied Aug. 20, 1985.

John P. Guzik, St. Paul, for appellant.

James H. Tucker, pro se.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

The original dissolution judgment, entered November 28, 1984, awarded an equal division of all assets, including those acquired by the parties prior to marriage. Appellant appeals from an amended judgment entered on January 14, 1985, which did not substantially alter the division of assets, and an order denying a new trial. We affirm.

## FACTS

Appellant Karen and respondent James Tucker were married in April 1974 and divorced in November 1984. There are no children from this marriage. Karen has three children from a previous marriage. At the time of marriage, the only real property Karen owned was the homestead which she received from her first marriage. James owned a home in Minneapolis and a farm in Chisago County. When Karen and James married, they transferred their individual assets into joint tenancy. The parties lived in Karen's home. James' home was rented for several years and then sold. The farm was also sold. The rental income as well as the sale proceeds went into a general family fund. At all times during the marriage, the joint assets were treated as the property of both.

The parties had a joint savings and checking account. There is dispute as to whether they also maintained separate checking accounts.

Both parties are now employed; Karen works at 3M and James works as a teacher.

The trial court divided the property equally between the parties based on the fact that the parties commingled their assets and transferred their individually-held real property into joint tenancy. The trial court found that such a transfer indicated their intent to share all their assets as marital property.

## ISSUES

1. Did the trial court err in treating the wife's homestead and the husband's realty as marital property?

2. Did the trial court err in concluding that a valid oral antenuptial agreement existed?

## ANALYSIS

1. A trial court has broad discretion in dividing marital property upon dissolution of a marriage. Its decision will be overturned only for a clear abuse of discretion. *Servin v. Servin*, 345 N.W.2d 754 (Minn. 1984). Karen argues that her homestead is

non-marital property as defined by Minn. Stat. § 518.54, subd. 5(b).

"Non-marital property" means property real or personal, acquired by either spouse * * * which

\* \* \* \* \* \*

(b) is acquired before the marriage;

■ The trial court's division of property must be considered in light of the particular facts of the case. Minn.Stat. § 518.58; *Lenzmeier v. Lenzmeier,* 304 Minn. 568, 231 N.W.2d 71 (1975). The trial court here properly weighed the manner in which these parties treated their assets during the marriage and treated them accordingly when making the property division. The assets which were brought to the marriage by the husband had been sold and the proceeds used for general family purposes. The parties continued to reside in the wife's former homestead. The record supports the husband's assertion that the properties each contributed to joint ownership were approximately equal. The decision of the trial court has a "reasonable and acceptable basis in fact and principle" and will be affirmed. *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983); *Kreidler v. Kreidler,* 348 N.W.2d 780 (Minn.Ct.App. 1984).

■ 2. The trial court erred in finding an oral antenuptial agreement. The agreement here alleged by the husband was prior to Minn.Stat. § 519.11 (1982) which codified the requirements necessary for a valid antenuptial agreement.

The requirements at common law are set forth in *Hill v. Hill,* 356 N.W.2d 49 (Minn. Ct.App.1984):

* * * a presumption of fraud arises where the parties to an antenuptial agreement stand in a confidential relationship to one another and there is inadequate consideration to support their agreement. * * *

* * * To establish a valid antenuptial agreement at common law, the proponent must prove both full disclosure of assets and the contestant's knowledge of the right to independent counsel.

*Id.* at 53. In *Hill,* the court upheld the *written* antenuptial agreement because it found that the husband fully disclosed information regarding his assets and the wife obtained legal counsel.

In contrast, the parties' alleged agreement was oral and neither party obtained counsel. Based on these differences, and considering the legislative intent in drafting Minn.Stat. § 519.11, the oral contract is not valid. This determination does not change the outcome, however, because of the parties' actions during the marriage.

## DECISION

The trial court did not err in treating the parties' non-marital property as marital and dividing it equally where the parties had treated it the same way. Affirmed.