Nancy Joan SCHUCK,
petitioner, Respondent,

v.

Willard P. SCHUCK, Appellant.

No. C5-85-2362.

Court of Appeals of Minnesota.

June 24, 1986.

Ellen Dresselhuis, Minneapolis, for respondent.

Vicki Miller Luoma, Burnsville, for appellant.

Considered and decided by LANSING, P.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

William P. Schuck appeals from a September 27, 1985 dissolution judgment, claiming that the trial court abused its discretion when it awarded him a non-interest bearing lien against the homestead property and when it awarded respondent attorney's fees. We affirm.

## FACTS

Appellant Willard Schuck and respondent Nancy Schuck were married in 1966. Appellant is 52 years old and employed full-time as a mechanic. His net monthly earnings through August 1985 were $2,155. In 1984, he had net monthly income of $2,274.22. Respondent is 44 years old and is employed full-time as a graphic artist. Her net monthly earnings total approximately $1,371. The parties stipulated to joint legal custody of their two minor children, each receiving primary physical custody of one child subject to the visitation rights of the other parent. At the time of the dissolution trial, the child in appellant's custody was 16 years old and the child in respondent's custody was 11 years old.

At the September 11, 1985 trial, the majority of issues were resolved by stipulation. The payment method of appellant's equity in the homestead, the amount of child support and payment of attorney's fees remained disputed. The trial court awarded the homestead to respondent subject to a lien in appellant's favor for $8,000, the agreed upon value of appellant's interest in the property. The lien was awarded without interest. Appellant was awarded other marital property with a total net value exceeding $33,000 and directed to pay respondent attorney's fees of $900 as well as $196 in monthly child support.

## ISSUES

1. Did the trial court err in deferring payment of appellant's equity in the homestead, without interest, until emancipation of the couples' youngest child?

2. Did the trial court err when it awarded respondent attorney's fees?

## ANALYSIS

1. A trial court has broad discretion in determining what property division is just and equitable in a dissolution action. See Minn.Stat. § 518.58 (1984); *Kennedy v. Kennedy*, 376 N.W.2d 702, 704 (Minn.Ct. App.1985). Each division of property must be viewed in light of the particular facts of that case. *Lenzmeier v. Lenzmeier*, 304 Minn. 568, 571, 231 N.W.2d 71, 74 (1975). As long as the property division has a "reasonable and acceptable basis in fact and principle," it will be upheld. *Kennedy*, 376 N.W.2d at 704 (quoting *Kreidler v. Kreidler*, 348 N.W.2d 780, 782–83 (Minn.Ct. App.1984)).

Appellant argues initially that the trial court should have directed sale of the homestead or required respondent to refi-

nance his interest so that he could obtain an immediate cash payment. We disagree.

Quoting Minn.Stat. § 518.63: "Once the court has taken into consideration 'all the circumstances and the custody of the children,' its disposition becomes a matter of discretion." *Goar v. Goar*, 368 N.W.2d 348, 350 (Minn.Ct.App.1985) (quoting Minn. Stat. § 518.63 (1984)).[1] Although the trial court did not expressly find that a directed sale of the homestead would adversely affect the best interests of the children, its findings as a whole demonstrate such a result.

Respondent's net monthly income is $1,371. The current mortgage payments of $325 per month are modest and at a level respondent can afford. Had the mortgage payments been prohibitively high, immediate sale of the homestead may have been appropriate. *See Goar*, 368 N.W.2d at 351. Furthermore, appellant presented no evidence at trial to support his claim that respondent would be able to refinance his interest in the property at minimal cost. The figures utilized in his brief are purely speculative and are not entitled to review by this court.

The record indicates that appellant has assumed overtime work to help meet his financial obligations and has had difficulty selling the lake property he received as part of the property settlement. While we are not insensitive to appellant's position, we do not believe these consequences undermine the validity of the trial court's award. Both parties were found to be fit and proper parents. The custody arrangement reflects the parties' efforts to satisfy the best interests of their children, particularly the oldest child, who expressed a desire to live with his father.

Although appellant now claims that deferred payment of his interest will deprive the oldest child of benefits that would oth-

1. Minn.Stat. § 518.63 (1984) provides:
   The court, having due regard to all the circumstances and the custody of children of the parties, may award to either party the right of occupancy of the homestead of the parties, exclusive of otherwise, upon a final decree of dissolution or legal separation or proper mod-

   ification of it, for a period of time determined by the court. An award of the right of occupancy of the homestead, whether exclusive or otherwise, may be in addition to the maximum amounts awarded under sections 518.-58, 518.61 and 518.611.

**4**

erwise occur, it is clear that this particular argument was not advanced at trial. Appellant testified that he envisioned purchasing a condominium or a home "within the next year or two years." Since the oldest child was 16 years old at the time of trial, he would likely attain majority before this benefit is fully realized.

Furthermore, the evidence here does not support a finding that the best interests of the youngest child would be furthered by requiring respondent to refinance or sell the homestead. The first option would adversely affect respondent's ability to contribute to the child's needs. The second option would unnecessarily add to the trauma accompanying a dissolution.

■ We have recognized that disposition of the homestead is among the most difficult decisions a trial court must make in a dissolution proceeding. *Yackel v. Yackel*, 366 N.W.2d 382, 384 (Minn.Ct.App. 1985). However, when a decision reflects consideration of the minor children's ages and circumstances, including whether retention or sale of the homestead serves their best interests, as well as the financial condition of both parties and the cost of maintaining the homestead, it will be upheld as a proper exercise of the trial court's discretion. *See id.* This is precisely the situation here.

Appellant argues that even if immediate sale of the homestead was not appropriate in this case, he was entitled to interest on his marital lien against the property. While it might have been advisable for the trial court to award interest in this case, we cannot say that the failure to do so constitutes an abuse of its broad discretion. *See Filkins v. Filkins*, 347 N.W.2d 526, 528 (Minn.Ct.App.1984).

■ 2. An award of attorney's fees will not be overturned unless there is a finding of a clear abuse of discretion. *Bogen v. Bogen*, 261 N.W.2d 606, 611 (Minn.1977). We do not find an abuse of discretion here.

Respondent's attorney's fees totalled $2,118. The $900 award was thus 42% of her total fees and litigation costs and ex-

ceeded appellant's legal expenses by only $270. Contrary to appellant's claim, the parties' net monthly income is not relatively equal. Appellant earns 57% more per month than respondent. The award of attorney's fees under the circumstances did not constitute an abuse of discretion.

## DECISION

The trial court acted within its discretion when it awarded appellant a non-interest bearing lien against the homestead and when it awarded respondent attorney's fees of $900.

Affirmed.