In re the Marriage of Janet L. FINCK, Petitioner, Respondent,

v.

Charles J. FINCK, Appellant.

No. C9–86–1502.

Court of Appeals of Minnesota.

Jan. 20, 1987.

Craig A. Goudy, Cox & Goudy, Minneapolis, for respondent.

Gerald E. Rutman, Thomas R. Haugrud, Rutman, Rosene & Haugrud, St. Paul, for appellant.

Heard, considered, and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal by Charles Finck from an amended judgment and decree of dissolution which, in part, increased child support. We affirm.

## FACTS

The parties' marriage was dissolved in 1983, pursuant to stipulation. They agreed to joint legal custody of their two minor children, with respondent Janet Finck having physical custody. Charles Finck was granted reasonable and liberal visitation. His child support obligation was set at $300 per month, to be reduced to $200 per month when the first child reached majority. Charles was to reimburse Janet for the cost of the children's medical insurance.

In April 1986, Janet brought a motion for judgment against Charles for arrearages in child support and medical expense reimbursements, to increase the amount of child support to comply with the child sup-

port guidelines, and for an award of reasonable attorney's fees.

At the time of the 1983 stipulation, Charles was unemployed. He was receiving unemployment benefits of approximately $184 each week. On June 1, 1983, subsequent to the execution of the stipulation but two days prior to the default hearing, Charles commenced employment with Honeywell, earning $2,750 a month. This employment was not communicated to Janet's attorney nor to the court. The original judgment and decree was entered based upon Charles's unemployment income.

Charles's current salary is $39,300 per year. His net monthly income is $1,984.64. The trial court determined his reasonable monthly expenses to be $1,210, excluding child support.

At the time of the initial decree, Janet was employed by Investors Diversified Services as a secretary with a salary of approximately $16,975 per year. She is still employed by IDS at an annual salary of $23,200 and her net monthly income is $1,329.12.

The trial court determined the reasonable joint monthly expenses of Janet and the minor children to be $1,349. The court further found that their expenses had increased since the entry of the judgment and decree and that the children had no special health or educational needs or individual resources. Additionally, the court took judicial notice of an increase in the cost-of-living index.

The trial court amended the original judgment and decree to increase child support from $300 to $595 per month. The court also ordered Charles to pay the minor children's medical insurance expenses of $205.20 and to pay Janet $300 in attorney's fees. The judgment and decree was also modified to incorporate the parties' agreement to waive Charles's obligation to pay child support during the summer months when the children lived with him. This appeal concerns only the issue of increased child support.

## ISSUES

1. Did the trial court abuse its discretion in holding that there has been a substantial change in circumstances justifying a modification of the existing support order?

2. Did the trial court abuse its discretion in holding that the existing child support order of $300 per month is unreasonable and unfair?

## ANALYSIS

■ The trial court has broad discretion in its decision to modify an existing child support order. *Mackin v. Mackin*, 392 N.W.2d 5, 7 (Minn.Ct.App.1986). Where the court modifies an order based upon a stipulation by the parties, the welfare of the children should take precedence over the stipulated amount of child support. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986). The appellate court will only reverse for abuse of discretion where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). Minnesota Statutes Section 518.64, subdivision 2 (1984), however, limits the trial court's discretion.

The supreme court recently held that a two-part analysis must be followed when modifying a support order. *Moylan*, 384 N.W.2d at 864. First, the four statutory factors must be considered to determine whether they "alone or in combination, create a substantial change in circumstances warranting a modification of child support." Second, the trial court must make specific findings that the original support order is unreasonable and unfair. *Id.*

■ 1. The original judgment and decree entered in June 1983 was based on a stipulation whereby Charles's claimed income from unemployment compensation was $184 per week, or about $797 per month. Charles's current net income is $1,984.64 per month. After the stipulation was entered, but prior to entry of the default judgment, Charles found new employment at a gross income of $2,750 per

month. This information was not communicated to the trial court. Thus, the original decree was based on his income of $184 per week. The trial court properly found that Charles's income increased substantially from entry of the default judgment.

The trial court also found that the children's needs have increased. Janet testified to her and the children's present expenses and the increase since the entry of the judgment and decree. In light of the record before us, the trial court was within its discretion in finding increased needs of the children.

■ In addition, the trial court properly took judicial notice of an increase in the cost-of-living index since June of 1983. *Kaiser v. Kaiser*, 290 Minn. 173, 181 n. 4, 186 N.W.2d 678, 684 n. 4 (1971).

Accordingly, the trial court did not abuse its discretion in finding a substantial change of circumstances based on increased earnings of Charles, increased needs of the children, and an increase in the cost-of-living index.

2. The trial court held that the existing child support order of $300 per month is unreasonable and unfair in light of the substantial change in circumstances. In so doing, it made express findings as to Janet's resources, her needs and those of the children, the lack of resources of the children, the resources and needs of Charles, and the standard of living the children would have enjoyed if the marriage would not have been dissolved. These are proper considerations under *Moylan*. *See Mackin*, 392 N.W.2d at 8.

Charles asserts that the original support award of $300 per month is not unreasonable and unfair. He bases this assertion on three arguments: Janet's income and monthly child support exceeded her monthly expenses; therefore, she needs no increase; Charles does not have the financial ability to pay the increased support; and the parties have joint physical custody, thereby negating the need for increased child support. These arguments lack merit.

■ Janet's present net monthly income, less her monthly expenses, plus child support of $300 per month, results in surplus income of $289.12 per month. However, her favorable cash flow does not render the original support award fair and reasonable.

[The custodial parent should not be] required to commit all her income to her needs and the needs of the parties' child while the [non-custodial parent] is required to account only for the deficiency irrespective of his income. This approach undercuts the obligation of the noncustodial parent as reflected in the guidelines. A child should not be precluded from benefitting from the income of both parents, nor should the custodial parent be precluded from accruing any savings simply because her income minus her expenses results in a lower figure than the figure recommended by the guidelines.

*Letourneau v. Letourneau*, 350 N.W.2d 476, 478–79 (Minn.Ct.App.1984). Considering the great increase in Charles's salary, the original award of $300 was properly held to be unfair and unreasonable despite the fact that Janet's income exceeds her expenses.

■ The trial court found that Charles's monthly income exceeds reasonable expenses by $774.64. He therefore has the ability to pay increased child support. The trial court did not clearly err in its computation of expenses, considering that the payment of support takes priority over payment of other obligations.

■ Finally, the Fincks do not have joint physical custody. Although Charles has physical custody during June, July, and August, and he does not have to pay support during that time, this does not convert into joint physical custody without a court finding and a change in the original decree.

## DECISION

The trial court was within its discretion in holding that the original child support award is unfair and unreasonable, based

upon a substantial change in the parties' circumstances.

Affirmed.