**In re the Marriage of Rodger Eldon WELSH, Petitioner, Appellant,**

v.

**Carol Jean WELSH, Respondent.**

**No. C4–89–949.**

Court of Appeals of Minnesota.

Oct. 3, 1989.

David G. Keller, Eagan, for appellant.

Jeffrey S. Rantala, Hibbing, for respondent.

Considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ., without oral argument.

## OPINION

PARKER, Judge.

Rodger and Carol Welsh were divorced on December 14, 1982. Carol petitioned the trial court six years later to increase the amount of child support payments and to extend the duration of the payments. The trial court increased the payments from $400 to $630 per month, plus cost of living adjustments made thereafter, and extended the period of payments until each child completes high school. Rodger appeals the court's order for child support modification and extension of payments. We affirm in part, vacate and remand in part.

## FACTS

The 1982 dissolution decree gave physical custody of the couple's two children, then ages 11 and 9, to Carol. The decree ordered Rodger to pay $200 per month per child until each child reached age 18, became self-supporting, or became emancipated, whichever occurred first.

Six years later, in January 1989, Carol petitioned the trial court to increase the child support payments pursuant to Minn. Stat. § 518.64, subd. 2 (1988), and to incorporate the child support guidelines in Minn. Stat. § 518.551, subd. 5 (1988). Carol also asked the court to extend the time of such payments until each child graduated from high school. Carol claimed a change of circumstances which rendered the original order unfair and unreasonable.

The trial court found that since December 1982, Rodger's net income had increased from $1,600 to $2,120 per month and that Carol's had increased from $400 to $800 per month during the same period. The trial court found there had been a substantial increase in the cost of living since the original decree, which led to a substantial increase in the financial needs of the children. The court also noted the increased costs of raising children as they get older. The trial court therefore found the original $400 monthly support award to be unreasonable and unfair due to the increased needs of the children and Rodger's increased earnings. The court found no basis in the record on which to deviate from the statutory child support guidelines.

Based on these findings the trial court applied the guidelines in Minn.Stat. § 518.551 and ordered Rodger to increase his payments to $630 per month and to continue payments of $315 per child per month until each reaches age 18 or such

later time as they finish high school, with no age limit on the duration of payments.

## ISSUES

1. Did the trial court err in increasing the amount of child support and in finding a change of circumstances?

2. Did the trial court err in extending the duration of child support payments beyond the children's 18th birthdays to when they complete high school?

## DISCUSSION

### I ·

Modification of child support orders is governed by Minn.Stat. § 518.64, subd. 2 (1988). The statute states that a trial court may modify a child support decree upon a showing of one or more of the following:

(1) substantially increased or decreased earnings of a party;

(2) substantially increased or decreased needs of a party;

(3) receipt of assistance under sections 256.72 to 256.87; or

(4) a change in the cost of living for either party as measured by the federal bureau of statistics,

any of which makes the terms unreasonable and unfair.

*Id.*

The decision to modify a child support order lies within the broad discretion of the trial court, and an appellate court will reverse only when it finds a clearly erroneous conclusion that is against logic and the facts on record. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). *Moylan* established a two-step analysis for modification:

(1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification of child support?; and (2) if so, after considering the needs of the children and the financial situation of the parties' spouses, what modification should the court make?

*Id.* The *Moylan* court also stressed that the trial court must actually consider the appropriate statutory factors. *Id.* at 865.

■ Rodger argues that Carol's 100 percent increase in earnings was far greater than his 32 percent increase. He disputed her assertion of increased needs of the children and maintained that her increase in earnings should negate any finding of changed circumstances.

■ The court, however, did take proper judicial notice of the increase in the overall cost of living between 1982 and the present. *Finck v. Finck,* 399 N.W.2d 575, 578 (Minn.Ct.App.1987). Furthermore, the court found a substantial increase in Rodger's net income, $6,240 per year. This increase is similar to increases this court has held to be substantial. *LeTendre v. LeTendre,* 388 N.W.2d 412 (Minn.Ct.App.1986) ($5,580 yearly increase).

The combination of these two factors, plus the trial court's notation of the usual increase in the cost of raising older children, constituted a change of circumstances sufficient to support increased child support payments. The fact that Carol's salary increased from $400 to $800 per month does not negate a finding that the other factors render the original support decree unreasonable and unfair. The parties' minor children are not precluded from enjoying the benefits of increased income of both parents. *Derence v. Derence,* 363 N.W.2d 86, 89 (Minn.Ct.App.1985). The trial court was therefore justified in applying the guidelines in Minn.Stat. § 518.551, subd. 5 (1988), to figure the amount of child support Rodger should pay.

### II

■ The 1982 decree ordering Rodger to make child support payments until each child reached age 18 (or became emancipated, whichever occurred first) was consistent with the definition of "child" in effect at the time. "Child means an individual 18 years of age or under." Minn. Stat. § 518.54, subd. 2 (1982). This subdivision was changed in 1983 to include "an individual under age 20 who is still attending secondary school." This court has held

that the statute should not be applied retroactively. *Kleinhuizen v. Kleinhuizen*, 354 N.W.2d 588, 590 (Minn.Ct.App.1984) (citing Act of May 17, 1983, ch. 144, § 1, 1983 Minn.Laws, at 389–90) (the amendment states specifically that it is effective only as of the day following enactment).

Rodger asserts that the trial court impermissibly applied the 1983 definition retroactively, because the decree was entered in 1982. In *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App.1984), this court found:

> There is no reason why future modifications of support, assuming they are prompted by the requisite change of circumstances, should not be governed by the law in effect at the time of the modification motion.

*Id.* at 379.

In *Kleinhuizen* the trial court had not made a finding of changed circumstances. We therefore hold that it is permissible to apply the statutory definition of "child" in effect at the time of the modification order if the trial court makes a valid finding of changed circumstances as mandated by *Moylan*.

■ There are significant policy reasons supporting such a modification of duration of support payments, in this case and in others.

> Upon a showing that any of the children of the parties is either physically or mentally deficient or unable to support himself when he reaches his majority, the court's authority to require maintenance may extend past the date upon which the child attains majority.

*McCarthy v. McCarthy*, 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974). Thus, a trial court which has found that there is a change of circumstances which renders the original decree unreasonable or unfair has ample cause to review duration, but its durational decision must be supported by a finding that there is a demonstrated inability of the 18–year–old, still in high school, to be self-supporting.

In this case the trial court did not make a specific finding that the Welshes' son, soon to be age 18 and possibly still in high school, is physically or mentally deficient or otherwise unable to support himself. We therefore vacate the last phrase of paragraph 1 of the April 19, 1989, order and remand the issue of duration of child support payments to the trial court so it can make appropriate findings. In addition, the trial court must be mindful to place a specific upper age limit on any support modification order, as required by the present statutory definition. Minn.Stat. § 518.54, subd. 2 (1988).

## DECISION

The trial court did not abuse its discretion in granting respondent's motion for an upward modification of child support based on appellant's increased salary and the increase in the cost of living since the original support decree. The trial court erred, however, in extending the duration of payments without a specific finding of a demonstrated inability of the couple's soon to be 18–year–old, if still in high school, to support himself.

Affirmed in part, vacated and remanded in part.