In re the Marriage of Sally A.
BORICH, petitioner,
Respondent,

v.

Brian J. BORICH, Appellant.

No. C8–89–1215.

Court of Appeals of Minnesota.

Jan. 30, 1990.

James B. Peterson, Douglas P. Merritt, Duluth, for Sally A. Borich, petitioner, respondent.

Nicholas J. Zuber, Duluth, for Brian J. Borich, appellant.

Considered and decided by KALITOWSKI, P.J., and HUSPENI and GARDEBRING, JJ., without oral argument.

## OPINION

HUSPENI, Judge.

When the marriage of appellant Brian and respondent Sally Borich was dissolved in 1976, the issue of child support was reserved. In 1987, appellant was ordered to begin making monthly child support payments. He stopped making child support payments when two of the children reached age 18. Upon motion by respondent and pursuant to Minn.Stat. § 518.54, subd. 2 (1986), the court ordered appellant to continue making child support payments until the children reached age 20 or completed secondary school, whichever occurred first. Appellant contested the order on the grounds that the court should have applied the statute as it existed when the dissolution action was commenced. We reverse and remand.

## FACTS

Upon the January 1976 dissolution of the parties' marriage, respondent was granted custody of the three minor children, the

oldest born in 1970 and twins born in 1971. Appellant was ordered to pay maintenance of $300 per month and child support was reserved.

At the time of the dissolution, Minn.Stat. § 518.54, subds. 2 and 4 (1974), required that child support payments be made until a child turned 18, or beyond if a child was unable to support himself or herself due to mental or physical deficiencies. In 1983, the statute had been amended to define "child" as "an individual under age 20 who is still attending secondary school." 1983 Minn.Laws ch. 144, § 1 (codified at Minn. Stat. § 518.54, subd. 2 (Supp.1983)). This amendment was effective May 18, 1983 and was applicable "to all awards of child support made in actions for dissolution or legal separation commenced on or after that date." 1983 Minn.Laws ch. 144, § 2. When respondent filed her child support motion in July 1987, that amended definition was still in place. *See* Minn.Stat. § 518.54, subd. 2 (1986). On December 3, 1987, the court ordered appellant to begin making monthly child support payments of $752.90.

After appellant ceased making child support payments when the twins turned 18, respondent moved the court to apply the amended version of Minn.Stat. § 518.54, subd. 2 so that support would continue until the twins reached age 20 or graduated from high school. Respondent's motion was granted.

### ISSUES

1. Did the trial court err in applying the amended statutory definition of "child"?

2. Did the trial court have power to extend the duration of child support payments under *McCarthy v. McCarthy*, 301 Minn. 270, 222 N.W.2d 331 (1974)?

### ANALYSIS

### I.

■ Under Minnesota law, [u]nless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child.

Minn.Stat. § 518.64, subd. 3 (1988). The parties' dissolution decree was entered January 24, 1976. It made no express provision for the termination of child support, nor did the order of the trial court establishing child support entered December 3, 1987. In the June 8, 1989 order which directed appellant to continue support payments until the children completed secondary school or reached age 20, the trial court ruled that the amended statutory definition of "child" applied.

Appellant argues that the duration of child support payments is determined by the definition of "child" in existence at the time of the commencement of the dissolution proceeding, not the definition in existence at the time that child support is ordered. The act's effective date clause supports appellant's position.

[T]he act [amending Minn.Stat. § 518.54, subd. 2 to its current form] is effective [May 18, 1983], and applies to all awards of child support made in *actions for dissolution* or legal separation *commenced* on or after that date.

1983 Minn.Laws ch. 144, § 2 (emphasis added). The wording of the act precludes the statute from being applied to the facts here.

The trial court applied Minn.Stat. § 518.54, subd. 2 (1986) retroactively. Minn.Stat. § 645.21 (1988) states that "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." There is no evidence of legislative intent suggesting retroactivity. By stating that "the act * * * applies to all awards of child support made in actions for dissolution * * * commenced on or after [May 18, 1983]," the legislature clearly indicated a prospective effect only. 1983 Minn.Laws ch. 144, § 2.

A decision against retroactive application of the statute is supported by prior application of Minn.Stat. § 518.54, subd. 2 in similar situations. In *Brugger v. Brugger*, 303 Minn. 488, 229 N.W.2d 131 (1975), the Minnesota Supreme Court considered whether the statutory reduction of the age of majority from 21 to 18, under section 518.54, subd. 2, should be applied retroac-

tively to divorce decrees entered prior to the statute's amendment. The court held that due to the legislative presumption against the retroactive application of statutes, and lack of evidence supporting a contrary intent, the amended statute could be applied only prospectively. *Brugger*, 303 Minn. at 494–95, 229 N.W.2d at 135–36. The court also noted that:

> [S]tatutes should be interpreted in favor of a just or fair interpretation and one that would promote and effectuate justice.
>
> The consequences here of permitting a retroactive application of the statute changing the age of majority are obviously unfair and unjust. In some cases relief could be obtained from such an application, but in other cases no relief could be fashioned by the trial court. In those cases where relief might be granted and the equities could be again placed in balance, there would be unnecessary and sometimes expensive litigation.

*Brugger*, 303 Minn. at 496, 229 N.W.2d at 136. The same considerations are relevant in this case. Retroactive application of Minn.Stat. § 518.54, subd. 2 (1986) would upset the equities balanced in the dissolution decree.

Additional case law also supports appellant's arguments regarding which statute is applicable. In *Kleinhuizen v. Kleinhuizen*, 354 N.W.2d 588 (Minn.Ct.App. 1984), the parties' dissolution was commenced in 1982 and support for their older child was paid from that time until November 7, 1983, (after section 518.54, subd. 2 had been modified and made effective) when the child reached 18. A motion was brought to compel continuation of payments until the child either reached 20, or completed secondary school, pursuant to Minn.Stat. § 518.54, subd. 2 (Supp.1983). The court refused to extend application of Minn.Stat. § 518.54. "Because the Kleinhuizens' dissolution took place in 1982, the amendment [of Minn.Stat. § 518.54, subd. 2] cannot provide a basis to extend the support payments in this case." *Kleinhuizen*, 354 N.W.2d at 590. *See also Yackel v. Yackel*, 366 N.W.2d 382, 385 (Minn.Ct. App.1985) ("Because the parties' dissolu-

tion action was commenced August 18, 1982, the amendment [to Minn.Stat. § 518.54, subd. 2] cannot provide a basis to extend the support.")

Respondent attempts to distinguish *Kleinhuizen* and similar cases by noting that in those cases a determination of child support was made before the statute was amended, and the parties sought modification of support after the amendment. Respondent argues that because in this case the 1987 order was an initial determination, not a modification, the earlier cases are inapposite. We cannot agree with respondent's analysis. The language of the statute requires that the dissolution action, not the support award, commence on or after May 18, 1983. The legislature could have provided that establishment of the support award was the determinative date. It did not. The language of the statute is unambiguous and we cannot supply that which the legislature has declined to provide. *See* Minn.Stat. § 645.16 (1988) ("when the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

## II.

Respondent also argues that the trial court has the power to require appellant to make child support payments beyond statutory limitations. In *McCarthy v. McCarthy*, 301 Minn. 270, 222 N.W.2d 331 (1974), one of the children had cerebral palsy. The Minnesota Supreme Court, in affirming a dissolution decree which continued support only to age 18, noted:

> we have intimated that upon a showing that any of the children of the parties is either physically or mentally deficient or unable to support himself when he reaches his majority, the court's authority to require maintenance may extend past the date upon which the child attains majority.

*McCarthy*, 301 Minn. at 274, 222 N.W.2d at 334.

Respondent argues that any person still a full-time high school student fits within the *McCarthy* heading of "unable to support himself when he reaches his majority." Such an expansive reading of *McCarthy* is inconsistent with the complex nature of dissolution decree provisions.

[S]upport provisions are usually so intertwined with other rights and obligations in divorce decrees that it usually cannot be said that the child's right to support is the only part of the decree that would be affected [by a change in the duration of support obligations].

*Brugger,* 303 Minn. at 494, 229 N.W.2d at 135.

Further, automatic extension of the child support payments for any child still in high school after he or she attains majority would nullify the legislative mandate that Minn.Stat. § 518.54, subd. 2, as amended, apply only to dissolution proceedings commenced on or after May 18, 1983.

This court has recently noted that to extend the duration of the child support payments beyond the statutory limitations, there must be "a finding that there is a demonstrated inability of the 18–year–old, still in high school, to be self-supporting." *Welsh v. Welsh,* 446 N.W.2d 191, 194 (Minn.Ct.App.1989). We believe it consistent with *Welsh,* however, to require that the demonstrated inability must extend beyond that "inability" which results solely and inevitably from the child's continued enrollment in high school.

Because the trial court resolved the issue of continued support on an interpretation of Minn.Stat. § 518.54, subd. 2 which we have here rejected, it made no findings on the issue of applicability of *McCarthy.* Therefore, we remand the issue of duration of child support to enable the trial court to make findings consistent with *McCarthy, Welsh* and the limitations expressed in this opinion.

### DECISION

The trial court erred in applying Minn. Stat. § 518.54 (1986) retroactively to a dissolution proceeding commenced prior to May 18, 1983. The trial court made no specific findings, under *McCarthy* and *Welsh,* to support extension of appellant's child support obligations beyond the statutory limitations. The trial court's order is reversed and this matter is remanded for additional findings not inconsistent with this opinion.

Reversed and remanded.