## IRENE B. McCARTHY v. THOMAS J. McCARTHY.

222 N. W. 2d 331.

September 27, 1974—No. 44688.

*John C. DeMoss,* for appellant.

*Sorensen & Sorensen* and *Donald J. Sorensen*, for respondent.

Heard before Sheran, C. J., and Otis and Todd, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for amended findings of fact and conclusions of law or, in the alternative, for a new trial. We affirm.

The parties to this action were married on October 13, 1956, and have two sons of that marriage: Thomas Michael, born July 14, 1957, and Richard David, born June 6, 1960.

The lower court found that the property owned by the parties during marriage and subject to division included the following: A homestead held in joint tenancy valued at $33,000 and subject to improvement liens and a mortgage with an unpaid balance of approximately $12,700; a one-fifth partnership interest held by defendant in Cahill Land Company, a partnership composed of defendant and others, valued at $32,000; joint savings of a total value of approximately $2,500; an automobile valued at $3,000; a motor boat and trailer valued at $2,400; defendant's interest in a profit-sharing plan with Sico, Inc., his employer, with a present value of approximately $3,800, of which $750 is vested in defendant; and various life insurance policies, the total face value of which amount to $85,000, but with cash surrender value of approximately $1,500.

Additional facts were considered by the court in determining its award of alimony and support to the wife. The defendant, born December 13, 1932, is presently employed as the vice-president of Sico, Inc., receiving an approximate annual income of $30,000. On the other hand, the plaintiff, born July 9, 1935, has not engaged in any employment outside the home since July 1957. Prior to that time she had received training in office skills and business management, and had been employed.

The lower court awarded the homestead, subject to existing encumbrances, together with its household goods, furnishings,

equipment and supplies to the plaintiff. It was further directed that the boat and trailer be sold and that the proceeds from that sale, together with all joint savings funds, be paid over to the plaintiff. The defendant was directed to satisfy all debts of the parties incurred prior to October 1, 1971, with a specific exclusion of any allowance for attorneys fees and costs. The defendant was awarded any interest which he possessed in the Cahill Land Company; any interest he held in the profit-sharing plan of Sico, Inc.; the automobile to which he holds title; and other personal property of relatively insignificant economic value.

In addition to the above responsibilities, the defendant was directed to pay to the plaintiff the sum of $250 per month as permanent alimony, as well as fifty percent of any bonus received from Sico, Inc. during 1973. The court further required that the defendant contribute $200 per month to the support of each child "until said child is married, emancipated, attains his majority or deceases, or until the demise of the defendant, whichever event first occurs." Provisions were added to the effect that the defendant maintain existing life, medical and hospital insurance coverage for the benefit of the children during this limited period.

■ Both parties here essentially contend that the awards of alimony and support are unreasonable. The defendant asserts that with his present financial situation, he is unable to satisfy his necessary living expenses after making the ordered payments. On the other hand, the plaintiff claims that her subsistence requirements and those of the children are much in excess of those awarded by the lower court.

We, however, have often held that the trial court is vested with broad discretion in its determination of appropriate property division and obligations of alimony and support payments. Cozik v. Cozik, 279 Minn. 91, 155 N. W. 2d 471 (1968); Messer v. Messer, 289 Minn. 449, 184 N. W. 2d 801 (1971). If the determination, as ordered by the lower court, has a reasonable and acceptable basis in fact and principle, this court will and must

affirm. Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 178 (1970). In light of these standards of review, we therefore hold that the valuations made by the trial court of the properties owned by the parties to the marriage are reasonable in light of the evidence before it. Further, we believe that the specific disallowance of attorneys fees and costs under the facts of this case are justified. O'Neil v. O'Neil, 297 Minn. 516, 210 N. W. 2d 237 (1973). This is particularly valid in view of the fact that available to the plaintiff and used by her during the pendency of this action were the funds of the parties held in joint savings and checking accounts.

■ There is one additional matter which concerns this court. Included in the findings of fact was the following:

"The parties have a minor son, Richard David McCarthy, who is afflicted with cerebral palsy and has physical but no mental difficulties because of this condition. This minor child is currently attending Michael Dowling School and is transported to and from school by bus. The defendant carries hospitalization, physical and major medical insurance through his employer. The defendant's employer has agreed to pay all necessary medical expenses not covered by medical insurance incurred in the care and treatment of Richard, conditioned on the defendant's continued employment with Sico, Richard's minority, and prior medical substantiation of the necessity of such care and treatment."

Richard David McCarthy will attain his statutory majority on June 6, 1978. At present, under the terms of the findings and conclusions of the lower court, the defendant must provide for the support of the children only "until such child is married, emancipated, attains his majority or deceases, or until the demise of the defendant, whichever event first occurs."

A careful reading of the record suggests to this court that there is a strong possibility that Richard McCarthy will be unable to provide for his own support after reaching majority. Concurrent with this is the further possibility that he will continue

to live with and depend upon his mother for support and maintenance. The plaintiff, on the other hand, has incurred various personal obligations as a result of the divorce. Although she was awarded the homestead of the parties, she must, as a result, discharge its existing encumbrances, as well as present and future real estate taxes and assessments.

The conclusion that the plaintiff will be unable to satisfy such obligations solely from the $250 per month alimony without supplemental income appears warranted by the evidence before us. Whatever employment training and skills she once possessed have not been utilized for approximately 17 years. That, coupled with the possible added responsibility of caring for a physically dependent son, raises the doubt that she will be capable of generating sufficient income to replace the support money furnished by the defendant that will automatically terminate when the children attain their majority.

This court has not, as yet, specifically adopted the theory set forth in 59 Am. Jur. 2d, § 103:

"Where a child is of weak body or mind, unable to care for himself after coming of age, many cases support the view that the parental rights and duties remain thereafter practically unchanged and that the parent's duty to support the child continues as before. The obligation to support such a child ceases only when the necessity for the support ceases. * * *"[1]

However, we have intimated that upon a showing that any of the children of the parties is either physically or mentally deficient or unable to support himself when he reaches his majority, the court's authority to require maintenance may extend past the date upon which the child attains majority. Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. 2d 652 (1965). See, also, Minn. St. 518.54, subd. 2, and 518.57.

It is apparent that attention was not directed to this aspect of the case. However, inasmuch as the trial court has continuing

---

[1] See, also, "Parental Obligation to Support," 1 A. L. R. 2d 910.

jurisdiction to deal with this matter through its power to modify its decrees regarding child support and alimony on the basis of a change in circumstances,[2] we feel that it is sufficient to merely apprise the parties and the trial court of the situation to facilitate reevaluation of the circumstances on or before the date upon which Richard attains majority.

With the reservations expressed herein, the decision of the trial court is affirmed.

Affirmed.

---

[2] Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. 2d 652 (1965); Bouman v. Reiter, 297 Minn. 494, 210 N. W. 2d 215 (1973).