**Geraldine HIGGINS, on Behalf of and as Guardian of Dennis HIGGINS; Geraldine Higgins, individually; and Vernon Higgins, Appellants,**

v.

**J.C. PENNEY CASUALTY INSURANCE COMPANY, Respondents.**

**No. C5–85–1745.**

Court of Appeals of Minnesota.

June 10, 1986.

Review Denied Aug. 13, 1986.

William L. Tilton, Tilton & Rosenbaum, St. Paul, for appellants.

Mark J. Condon, Chadwick, Johnson & Condon, P.A., Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Appellants Geraldine and Vernon Higgins commenced this declaratory judgment action against respondent J.C. Penny Casualty Insurance Company to have underinsured motorist endorsements construed as affording them coverage for the injuries of their adult son, Dennis Higgins. Appellants and respondent brought cross motions for summary judgment. The trial court granted respondent's motion for summary judgment, denied appellants' motion, and dismissed appellants' declaratory judgment action. We affirm.

## FACTS

Dennis Higgins was severely injured while a passenger in a single vehicle accident on April 10, 1982. He was twenty-five years old at the time, living and working with his parents in St. Cloud. As a result of the accident, Dennis suffered numerous physical injuries and severe brain damage

and is now a ward of his mother. Appellants have assumed the care of Dennis.

The automobile was driven by Randall Philippi and was insured by State Farm Mutual Automobile Insurance Company with limits of $50,000. It is undisputed that the injuries to Dennis Higgins have caused him damages in excess of $50,000.

In effect on the date of this accident were identical automobile policies issued by respondent to Geraldine Higgins and Vernon Higgins as separately named insureds. The pertinent portion of the policies is the underinsured motorist endorsement, which affords limits of $25,000 per covered person subject to $50,000 per accident. The language at issue provides that respondent "will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident." The parties disagree as to whether under this language appellants may make a claim for themselves separate from the claim of their son for uncompensated pecuniary damages they continue to incur because of their son's debilitating injuries. The trial court ruled that because appellants are not "legally entitled" to provide care for Dennis Higgins, they have no separate claim against the driver of the car.

## ISSUE

Do parents who voluntarily undertake to care for an adult child incapacitated in an automobile accident have a cause of action against the tortfeasor to recover pecuniary damages?

## ANALYSIS

Under the common law, parents have a legal obligation to support and care for their *minor* children. *See* Restatement (Second) of Torts § 703 (1977). In return for the performance of this obligation, parents have a right to recover a part of the child's cause of action if he or she is injured by the negligence of another. *Callies v. Reliance Laundry Co.*, 188 Wis.

376, 380, 206 N.W. 198, 200 (1925). The minor child may recover for pain and suffering and disfigurement, if any, and for loss of temporary or permanent earning capacity after majority; the parent may recover for loss of the minor's earning capacity during minority and for reasonable medical and nursing expenses during minority. If it were not for such parental relations and obligations, all of the damages would belong to the child. *See id.* Consequently, under the common law, if an *adult* child is injured by the negligence of another, the damages belong to the adult child and not to the parents.

Appellants argue that they should have a right to recover pecuniary damages separate from the claim of their adult son. Appellants rely on *McCarthy v. McCarthy*, 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974), a marital dissolution case in which the supreme court stated that maintenance may be extended past the date upon which children reach the age of majority if the children are physically or mentally deficient or unable to support themselves. Nevertheless, the court explicitly noted that it had never adopted the following theory set forth in 59 Am.Jur. *Parent and Child* § 103 (1971):

> "Where a child is of weak body or mind, unable to care for himself after coming of age, many cases support the view that the parental rights and duties remain thereafter practically unchanged and that the parent's duty to support the child continues as before. The obligation to support such a child ceases only when the necessity for the support ceases. * * * "

*Id.* (footnotes omitted).

Appellants also rely on *Sherlock v. Stillwater Clinic*, 260 N.W.2d 169, 176 n. 11 (Minn.1977), a wrongful birth case in which the supreme court, citing *McCarthy*, noted that in computing rearing costs, "[s]hould the unplanned child be born with congenital deformities, the parental support obligation could of course extend beyond the date that the child reaches his majority." The court stated that in the case of a normal,

healthy child, rearing expenses ordinarily would not be projected beyond the child's age of majority, "for it is at that age that the parental duty to support ceases." *Id.* at 176 (footnote omitted).

Appellants argue that although Dennis Higgins was healthy when he reached the age of majority, he was returned shortly thereafter to the state of a ten year old child. Appellants claim that the underlying rationale in both *McCarthy* and *Sherlock* is that the age of majority is an arbitrary rule of convenience which may yield when the question is whether children, under or over the age of majority, are capable of maintaining themselves. In addition, appellants assert that the concept of emancipation may be relevant in that the legal age of majority does not necessarily mean that a child is emancipated and that parental obligation to support the child ceases. *See Streitz v. Streitz*, 363 N.W.2d 135, 137 (Minn.Ct.App.1985) (two children over age eighteen were not emancipated for purposes of modification of child support where decree awarded support until the child reached age twenty-one or was emancipated).

Although we are sympathetic to appellants' claims, we decline to recognize a cause of action in their favor. The supreme court has not yet addressed the issue of whether parents have a legal obligation to resume support of a previously emancipated adult child. In *McCarthy* and *Sherlock*, the supreme court indicated only that the parental support obligation may be extended beyond the child's majority. Other jurisdictions have indicated that a parent is under no legal obligation to support an adult child. *See State ex rel. Cromwell v. Panzeri*, 76 Idaho 211, 280 P.2d 1064 (1955) (parent's legal liability for support of competent child ceases when child, not then in mentally or physically dependent condition, reaches the age of majority); *State ex rel. Murray v. Estate of Riggens*, 164 Ind. App. 314, 328 N.E.2d 248 (1975) (once a child capable of self-support is emancipated, subsequent change in condition does not revive any liability in parents for support); *Breuer v. Dowden*, 207 Ky. 12, 268 S.W.

541 (1925) (father's liability for debts of adult daughter, even for necessities, terminated upon her attaining age of majority even though she later became sick and incapacitated while continuing as a member of father's household). Furthermore, the Restatement (Second) of Torts directly addresses this issue, stating that a parent may not recover if an adult child is involved, even if the adult child lives in the parent's home and actually renders assistance to the parent. Restatement (Second) of Torts § 703 comment f (1977).

We also believe that public policy weighs against extending tort liability to allow recovery by parents for injuries to their adult children. The supreme court has shown a concern that liability for one's actions not be unlimited. In *Salin v. Kloempken*, 322 N.W.2d 736 (Minn.1982), the supreme court refused to recognize a cause of action for minor children to recover damages for loss of parental consortium resulting from injuries sustained by their parent while a passenger in an automobile accident. Although recognizing the logical and sympathetic appeal of the children's claims, the court reasoned that allowing the claims would spawn "'litigation almost without end, all based upon a single tort and only one individual physically involved in the accident itself.'" *Id.* at 739 (quoting *Eschenbach v. Benjamin*, 195 Minn. 378, 380, 263 N.W. 154, 155–56 (1935)). These considerations apply in the present case as well. Although we recognize the importance of family unity, we are not prepared to allow persons, be they parents, siblings, or friends, to maintain a cause of action against a tortfeasor when they voluntarily undertake to care for an incapacitated adult.

Because we hold that appellants have no legal obligation to care for Dennis Higgins, we need not decide whether the language of the underinsured motorist provisions provides recovery for appellants as "covered persons" separate from that of their son.

## DECISION

The trial court did not err in ruling that appellants have no cause of action against the tortfeasor.

Affirmed.