**In re the Marriage of Fred L. AUSTIN, Petitioner/Obligor, Appellant,**

**v.**

**Mabel F. AUSTIN, Obligee, Respondent.**

**No. C2–91–1551.**

Court of Appeals of Minnesota.

March 10, 1992.

Daniel R. Butler, Daniel R. Butler & Assoc., P.A., St. Paul, for appellant.

Tom Foley, Ramsey County Atty., Ronelle Anderson, Asst. County Atty., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

DAVIES, Judge.

Appellant Fred L. Austin argues that this action should have been brought in the name of the Ramsey County Welfare Department, because the County, rather than respondent Mabel F. Austin, is the real party in interest. He further argues that the family court has no jurisdiction to modify the child support order. We agree and reverse.

## FACTS

This case involves the obligation to pay support for B.A., who was born October 15, 1970, and is mentally retarded. B.A. has been in permanent residential foster care since August 1980, and has lived at the Lake Owasso Residential Facility since June 1988.

The marriage of B.A.'s parents, appellant Fred Austin (Austin) and Mabel Austin, the nominal respondent here, was dissolved in 1972. Mabel Austin, who was then on AFDC, was awarded custody of B.A. The decree ordered Austin to pay $60 per month in child support to the County as long as Mabel Austin was a recipient of AFDC. The decree also required that Austin make payments until B.A. reached "The age of twenty-one (21), becomes self-supporting, enters military service, married, or otherwise emancipated, whichever event shall occur first." As additional child support, Austin was to maintain health insurance on B.A. and pay all debts of the parties incurred prior to commencement of the dissolution action.

In August 1973, B.A. was placed in foster care and adjudicated dependent. His legal custody was awarded to the County. Austin's child support obligation was increased to $90 per month in 1981, without objection by Austin, even though B.A. was not in Mabel Austin's physical or legal custody at the time. In 1988 B.A. was placed at the Lake Owasso Residential Facility,

where he remains. The facility is owned by the County and by the City of St. Paul.

On October 5, 1990, the County moved, in the name of Mabel Austin, to increase Austin's child support under Minn.Stat. § 518.64 (1990). Austin moved for dismissal, contending that the County, not Mabel Austin, is the real party in interest and that the County's motion was brought in Mabel Austin's name without her knowledge and consent. Austin also argued that the court did not have continuing jurisdiction over the support issue by means of the prior *Austin v. Austin* dissolution case because, first, B.A. was not in the custody of either parent and, second, the family court support order now has terminated by its own terms.

On February 15, 1991, a family court referee found that this action did not violate the real party in interest rule, that the court had jurisdiction, and that Austin's support payments were to continue indefinitely. A family court judge affirmed the referee's findings by order dated May 21, 1991. Austin appeals.

## ISSUES

1. Is Mabel Austin a real party in interest and a proper party in this action?

2. Did the family court erroneously assume the County was entitled to support from Austin based on orders for child support in the prior dissolution action?

3. Has Austin's child support obligation terminated?

## ANALYSIS

When the question on appeal is purely a question of law, this court is not bound by the decision of the lower court, but has *de novo* review. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

1. Austin argues this action is not valid because Mabel Austin is not a real party in interest. We agree.

Every action must be brought by a real party in interest. Minn.R.Civ.P. 17.01. The purpose of the rule is to prevent other claimants from making further demands against a defendant for the same relief. *Norby v. Bankers Life Co.*, 304 Minn. 464, 467, 231 N.W.2d 665, 668 (1975). Because the County asserts that it has a statutory right to claim support for B.A. from Austin directly, this action potentially exposes Austin to a second action. Dismissal here, thus, would fulfill the purpose of rule 17.01.

The traditional test to determine whether an entity is a real party in interest is whether the party has the legal right to bring the claim under the applicable substantive law. *White Hall Bldg. Corp. v. Profexray Div. of Litton Indus., Inc.*, 387 F.Supp. 1202, 1204 (E.D.Pa.1974). Through an assignment of her right to receive support directly from Austin, Mabel Austin assured that the County could pursue Austin for support. Such an assignment was valid, however, only so long as Mabel Austin was legal custodian for B.A. Also, were Mabel Austin the legal custodian at this time, she would have standing to bring this action under *McCarthy v. McCarthy*, 301 Minn. 270, 222 N.W.2d 331 (1974). In *McCarthy*, 301 Minn. at 274, 222 N.W.2d at 334, the supreme court held that if a child is physically or mentally deficient, the parent with custody may obtain support payments from the other parent past the date upon which the child might normally reach majority. Minn.Stat. § 518.54, subd. 2 (1990), defines "child" so that a person, if mentally deficient, may continue to be a "child" and never reach majority.

Therefore, were Mabel Austin the legal custodian of B.A., she could require Austin to make an appropriate contribution to that support, asserting that demand in family court. But since the legal custody of B.A. has been with the County since 1973, Mabel Austin does not have a right to claim support from Austin. Thus, she is not a real party in interest to seek support from Austin. An action in her name is not proper and should be dismissed. The County does not have a right to use the mother's action to create a vehicle for its own claim.

2. Austin next argues that the family court assumed erroneously that his support obligation for his mentally retarded son extended beyond age 21; he asserts that this assumption deprived him of an opportunity to pursue his defenses against the County's claim.

Austin is correct. The family court did assume that Austin was obligated to contribute to the support of B.A. for the benefit of the County. Austin should have the opportunity to present defenses to this claimed obligation.

An action brought in district court by the County in its own name would give Austin the opportunity to assert that no statute imposes a support obligation upon him, that he does not meet whatever income level is predicate to that obligation, that this action denies him equal protection, or that other defenses exist. In this family court proceeding to modify his support obligation under Minn.Stat. § 518.64, he was precluded from pursuing any of these possible defenses.

In support of its claim for support, the County cites *McCarthy,* 301 Minn. 270, 222 N.W.2d 331. However, in *McCarthy,* one of the former spouses had custody of the children and sought assistance from the other parent. *Id.* at 274, 222 N.W.2d at 333–34. Here, the custody of the child is with the County. Child support is sought for county services, not to assist the other parent. Therefore, reliance on *McCarthy* is misplaced.

Undivorced parents of a retarded adult residing in a public facility are not exposed to claims for support pendant to a dissolution action. They may only be held liable for support in actions brought against them in the name of the county based on a statute imposing a support obligation and providing them an opportunity to assert all defenses. To hold Austin and other divorced parents at risk of family court proceedings, as was done here, short-circuits their defenses and the county's obligation to make an affirmative case; that is impermissibly unfair.

We do not rule, however, on whether the County has a direct claim against Austin.

3. Because of our decision as to issues one and two, we need not determine whether Austin's child support obligation has terminated, and we decline to do so.

## DECISION

The County is the real party in interest in this case and cannot bring the action in the name of Mabel Austin. The family court does not have jurisdiction over this proceeding. However, this decision does not bar a direct action against Austin under an appropriate statute, if any exists, asserting that he bears a parental obligation to support his retarded son beyond minority.

Reversed.