In Re the Marriage of Colleen
K. SCHULTZ, Petitioner,
Respondent,

v.

Ernest R. SCHULTZ, Appellant.

No. C6–92–1112.

Court of Appeals of Minnesota.

Feb. 9, 1993.

Christine A. Long, Ruth & Schreiner, Owatonna, for respondent.

Catherine Brown Furness, Catherine Brown Furness Law Office, Owatonna, for appellant.

\* Retired judge of the district court, serving as judge of the Court of Appeals by appointment

Considered and decided by PETERSON, P.J., and DAVIES and FLEMING,\* JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's refusal to vacate part of a default child support judgment entered pursuant to Minn. Stat. § 548.091 (1990) without actual notice to him. We reverse as to that part of the judgment, which extended his support obligation past the youngest child's emancipation, and remand.

## FACTS

The marriage of Ernest and Colleen Schultz was dissolved in June 1985. Colleen Schultz was awarded custody of their two children, Richard and Kimberly. Ernest Schultz was required to pay $300 per month in child support until the children turned 18. If the children were still attending high school at age 18, support would continue until completion of school or until age 20. The father was also required to provide health insurance for the children and to pay half of any "extraordinary" medical expenses. Richard turned 18 on August 15, 1985, and was no longer attending high school. Kimberly turned 18 on December 16, 1988, and was no longer attending high school.

In February 1988, the trial court issued an order requiring the father to provide medical and dental insurance for the children. The order also required him to notify the mother within 60 days of any change of business or residence address and to keep her informed of his present address. The father apparently failed to notify the mother of changes of address.

The Steele County Human Services Department closed the case in February 1989 because Kimberly had turned 18 and was no longer attending high school. At that time, the father owed $1,372.50 in past-due support. The county sent him a payment schedule in February 1989.

pursuant to Minn. Const. art. VI, § 10.

In October 1990, to obtain a judgment for past due support pursuant to Minn.Stat. § 548.091 (1990), the mother mailed an affidavit of default and statement regarding judgment to the father at his last known address. The mother was aware that the father had moved and knew what town he now lived in (population approximately 490), but did not have his current street address. The affidavit was returned as undeliverable.

On the mother's petition, the court administrator then docketed a child support judgment pursuant to section 548.091 procedures. The resulting judgment for $14,-813.57 included child support through Kimberly's eighteenth birthday, child support for 20 months after Kimberly's eighteenth birthday, half of all medical bills the mother claimed were owed for both children, and attorney fees. The additional 20 months of child support were based on the mother's claim that Kimberly was incapable of self-support when she turned 18 because of her mental and physical condition.

The father first became aware of the default judgment in February 1992 when a writ of execution was issued on property he had inherited. In April, he filed a motion to vacate or modify the judgment. The trial court refused to vacate the judgment except for the attorney fees, which it concluded were not contemplated by Minn. Stat. § 548.091. This appeal followed.

## ISSUE

Did the trial court abuse its discretion when it refused to vacate the default judgment entered pursuant to Minn.Stat. § 548.091 (1990) for child support that accrued after Kimberly Schultz turned 18?

## ANALYSIS

■ A default judgment entered in a dissolution action may be vacated when the interests of justice require. *Lindberg v. Lindberg,* 331 N.W.2d 479, 479 (Minn.1983); *Moir v. Moir,* 400 N.W.2d 394, 397 (Minn. App.1987). This court has vacated a default judgment on this basis when the defaulting party failed to receive adequate notice of the proceedings. *See Moir,* 400

N.W.2d at 397. We conclude that the circumstances in this case mandate vacation of the default judgment for child support accruing after Kimberly's eighteenth birthday.

Minn.Stat. § 548.091, subd. 1a (1990), provides that

[a]ny payment or installment of support required by a judgment or decree of dissolution * * * that is not paid * * * is a judgment by operation of law on and after the date it is due.

The obligee must serve notice of the entry of judgment on the obligor in person or at the obligor's last known post office address, and service is completed upon mailing. Minn.Stat. § 548.091, subd. 2a(3) (1990). This section allows the obligee to bypass the more stringent service requirements imposed by the rules of civil procedure. *See* Minn.R.Civ.P. 4.03, 4.04. Upon receipt of the appropriate documents from the obligee, the court administrator dockets the judgment and it, as do other judgments, becomes a lien on the obligor's real property for 10 years. Minn.Stat. § 548.-091, subd. 3a (1990).

■ Minn.Stat. § 548.091 contemplates automatic docketing of a child support judgment only for the most routine support payment. Section 548.091 does not apply to a claim for support that requires court intervention to determine its validity.

■ The Schultz's divorce decree determined that the father would pay child support

until such child reaches age 18 years of age, marries, dies, becomes emancipated, self-supporting, or in military service, whichever should first occur.

Minn.Stat. § 518.54, subd. 2 (1990), defines "child" as

an individual under 18 years of age, an individual under 20 who is still attending secondary school, or an individual who, by reason of physical or mental condition, is incapable of self-support.

■ The mother was awarded child support for 20 months following Kimberly's eighteenth birthday. However, extending support, on the basis that the child is

unable to support herself because of a mental or physical disability, is in the nature of a modification of the support order. *See McCarthy v. McCarthy,* 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974); *Welsh v. Welsh,* 446 N.W.2d 191, 194 (Minn.App. 1989). Support for Kimberly during this period was not authorized by the divorce decree and could not be awarded under the child support statutes without additional proceedings. *See McCarthy,* 301 Minn. at 274, 222 N.W.2d at 334.

■ Such a durational extension of child support requires better notice to the obligor than minimally to satisfy section 548.-091, which is what was done here. *See* Minn.R.Civ.P. 4.03, 4.04, 4.05, 5.01, 5.02. The father received no notice of the claim for a durational extension, although the mother was aware that he could not be reached at his last known address. Further, the mother did not attempt to contact the father through his attorney.

The mother claims she is excused from any obligation to make further effort to give notice—and the district court agreed. But the father's failure to provide the mother with his current address, as he was required to do by court order, does not deprive him of the right to notice under these circumstances. His failure to provide a current address apparently occurred in the spring before Kimberly's eighteenth birthday. According to county collection records, he continued to pay support until October 1988. Kimberly was emancipated in December 1988. Thus, the father's failure to provide an address occurred at a time when he did not have actual knowledge that further child support beyond Kimberly's eighteenth birthday might be due.

The father could not know that the mother would claim that additional child support. Steele County, responsible for collection of support payments, communicated with him in February 1989, closing the case and indicating the child support he still owed ($1,372.50).

The father does not dispute that he owed the mother child support through Kimberly's eighteenth birthday. That portion of the award amounts to $1,372.50. We remand for an order entering judgment for that amount, plus any qualifying medical expenses incurred by Kimberly and Richard before they turned 18.

Because of the disposition of the case, we need not reach any of the other issues raised by the parties.

### DECISION

Minn.Stat. § 548.091 (1990) allows automatic docketing of child support only for routine payments. A claim for an unknown support obligation beyond a child's emancipation requires better notice than that minimally satisfying section 548.091. Notice was inadequate in this case for that part of the judgment awarding $6,100 in child support that accrued after December 16, 1988, which is, therefore, vacated.

Affirmed in part, reversed in part, and remanded.