*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1529**

The Janice Kaunas Samsing Revocable Trust, et al.,
Respondents,

vs.

Arthur D. Walsh,
Appellant.

**Filed June 29, 2015
Affirmed
Rodenberg, Judge**

Washington County District Court
File No. 82-CV-13-1444

Barton C. Gernander, Burns & Hansen, P.A., Minneapolis, Minnesota (for respondents)

John G. Westrick, Westrick & McDowall-Nix, P.L.L.P., St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

# U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

We affirm the district court in this foreclosure-by-action dispute because, of the issues properly preserved for review, the district court made no errors of law and acted within its discretion. We decline to address the issues on appeal that were not timely raised to the district court.

## FACTS

This dispute arises out of a loan to appellant Arthur D. Walsh, a licensed attorney, made by respondents Mildred Kaunas and Janice Samsing as co-trustees of the Janice Kaunas Samsing Revocable Trust.[1]  The appeal follows multiple motions and a court trial.

Appellant borrowed $150,000 from respondents to finance the construction of a new home located at 4936 210th Street North, Forest Lake, Minnesota.  Appellant acknowledged both his receipt of the funds and the terms for repayment in several letters addressed to respondents.  In these letters, appellant agreed to repay the loan in monthly installments over a thirty-year period at six percent annual interest.  Appellant also stated in the letters that he would repay the loan according to the terms of a promissory note secured by a first mortgage, both to be drafted by appellant, and the letters were to be enforceable until appellant finalized the promissory note and mortgage.

No promissory note was drafted, but appellant did draft and execute a mortgage in favor of the trust on January 5, 2004.  Appellant made 29 sporadic payments after signing the mortgage, with the last payment made on December 24, 2011.

On January 17, 2012, respondents sent a letter to appellant demanding that he bring the payments current or deed the property to respondents in lieu of foreclosure. Appellant failed to do either.  Respondents commenced an action to foreclose the mortgage, and requested judgment for the full amount loaned, plus interest and attorney fees.

---

[1] Mildred Kaunas, Janice Samsing, and the Janice Kaunas Samsing Revocable Trust are referred to collectively as "respondents."

Respondents moved for partial summary judgment, arguing that as a matter of law, appellant's letters constituted an enforceable contract between the parties, that the mortgage was valid and enforceable, and that appellant was in default under his agreement with respondents. Appellant also moved for summary judgment. Although he failed to properly serve the motion, the district court allowed appellant to make arguments in support of his untimely motion at the summary judgment hearing. The district court granted respondents partial summary judgment, determining that the letters from appellant created a valid contract between the parties, that the mortgage was a valid and enforceable document, and that appellant was in default under the mortgage and in breach of the contract between the parties regarding repayment of the loan. Because the amount owed by appellant was in dispute, the issue of respondents' money damages was reserved for further decision. Appellant's summary judgment motion was denied.

A court trial was held on the remaining issues: the amount of respondents' damages, the amount of attorney fees incurred by respondents, and the effect of any failure by respondents to provide a foreclosure notice under Minn. Stat. § 580.021, subd. 2 (2014). After trial, the district court ordered a money judgment against appellant for $244,676.83 and concluded that respondents were entitled to a decree of foreclosure. The district court further determined that Minn. Stat. § 580.021, subd. 2 provided no penalty for failure to give the required notice, ruled that appellant suffered no prejudice by any such violation, and excused any failure by respondents to provide the required notice under the statute. Respondents docketed the judgment on May 27, 2014.

On June 9, 2014, appellant moved for amended findings and a new trial, and for judgment as a matter of law on various grounds. The district court denied appellant's motions. This appeal followed.

## DECISION

### I. Issues Not Properly Before the Court

Appellant raises numerous issues on appeal. Several of these issues were not properly presented to or considered by the district court.

Appellant argues that 1) respondents failed to provide a foreclosure-related notice under Minn. Stat. § 580.041 (2014); 2) respondents failed to provide notice that late payments would no longer be accepted before commencing the foreclosure action against appellant as articulated in *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232 (Minn. 1980); 3) the district court erred in applying attorney fees to appellant's personal judgment obligation; 4) respondents elected to pursue their remedies on the personal judgment and to forego the foreclosure remedy by docketing the judgment against appellant; and 5) pursuant to Minn. Stat. § 541.05, subd. 1(1) (2014), respondents are barred by the six-year statute of limitations from recovering any payments from appellant before June 28, 2013. All of these issues were first raised by appellant in a post-trial motion to the district court.[2]

Appellant also argues that any personal judgment against him must be limited to installments claimed due and owing at the time of trial, because the letter promising repayment terms contained no acceleration clause. This issue was first raised by

---

[2] Appellant asserted the statute of limitations as a defense in his answer but no argument was presented on the issue until appellant's post-trial motion.

appellant in a post-summary-judgment-hearing memorandum and was not addressed by the district court in its order regarding summary judgment.[3] Appellant again raised the issue in his post-trial motion.

Because none of these issues were properly and timely raised in the district court, we decline to consider appellant's arguments concerning these issues on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." (quotations omitted)); *see also Grigsby v. Grigsby*, 648 N.W.2d 716, 726 (Minn. App. 2002) (stating that "an issue first raised in a post-trial motion is not raised in a timely fashion"); *State v. Brunes*, 373 N.W.2d 381, 386 (Minn. App. 1985) (providing that when issues are first raised in a post-hearing memorandum, they are considered waived). Appellant had ample opportunity to raise these issues at or before trial and, whether by inadvertence or some design, failed to do so. No good reason appears for us to depart from our general practice of declining to address issues not timely presented to the district court.

## II.    Real Party In Interest

Appellant argues that the district court's foreclosure judgment must be vacated because respondents failed to include the real party in interest. Appellant asserts that if the mortgage was part of the trust res, then respondents Kaunas and Samsing should have brought suit in their capacity as trustees, rather than as individuals. Minnesota Rule of

---

[3] While the district court did allow parties to submit a "[v]ery brief closing argument" after the summary judgment hearing, it did not allow the parties to submit post-hearing memoranda raising issues that were not previously raised at the hearing.

Civil Procedure 17.01 requires that every action be brought by the real party in interest, which is determined by "whether the party has the legal right to bring the claim under the applicable substantive law." *Austin v. Austin*, 481 N.W.2d 884, 886 (Minn. App. 1992). The rule's purpose is to "prevent other claimants from making further demands against a defendant for the same relief." *Id.* "Determining the real party in interest is ordinarily a question of fact for the [district] court, whose factual findings must be upheld unless clearly erroneous." *Minn. Educ. Ass'n v. Indep. Sch. Dist. No. 404*, 287 N.W.2d 666, 668 (Minn. 1980) (citation omitted).

Here, the named plaintiffs include Mildred Kaunas, Janice Samsing, and the Janice Kaunas Samsing Revocable Trust. Kaunas and Samsing are co-trustees of the trust. Appellant received the loan from Kaunas and Samsing, and a mortgage was executed in favor of the trust. The payments that appellant made were paid to the order of either 1) Mildred Kaunas and Janice Samsing, collectively; 2) the Janice Kaunas Samsing Revocable Trust; or 3) Janice Samsing, individually.

Together, the named plaintiffs comprise all of the potential plaintiffs that could pursue the claims against appellant. Under rule 17.01, Samsing and Kaunas, as trustees of the trust, could have sued in their own names without joining the trust itself. Minn. R. Civ. P. 17.01 (A "trustee of an express trust, . . . may sue in that person's own name without joining the party for whose benefit the action is brought"). The district court did not err in allowing suit to proceed in these circumstances.

**III. "Notice" Issues Properly Raised on Appeal**

Appellant argues that respondents failed to comply with various notice prerequisites for the foreclosure by action, and that such failures require that the foreclosure be vacated. *See* Minn. Stat. §§ 580.021, subd. 2; 582.041 (2014). Appellant timely raised and preserved statutory-notice issues. Minn. Stat. § 580.021, subd. 2 and Minn. Stat. § 582.041 (2014). We address each in turn.

**A. *Minn. Stat. § 580.021, subd. 2***

At trial, respondents stipulated that they did not provide appellant with notice under Minn. Stat. § 580.021, subd. 2. The parties dispute the effect of the absence of the notice on this proceeding. Appellant argues that respondents' failure to provide the statutory notice requires vacation of the foreclosure judgment because the statute mandates that notice of foreclosure prevention counseling services be given. Appellant's claim involves a determination of the effect the statute has if the statutory notice is not given in the foreclosure-by-action context. Whether respondents' failure to comply with the statutory notice requirements of section 580.021, subd. 2, requires vacation of the foreclosure judgment presents a question of statutory interpretation. We therefore review de novo. *See S.M. Hentges & Sons, Inc. v. Mensing*, 777 N.W.2d 228, 231 (Minn. 2010).

Minn. Stat. § 580.021, subd. 2 provides:

> Before the notice of pendency under section 580.032, subdivision 3, or the lis pendens for a foreclosure under chapter 581 is recorded, a party foreclosing a mortgage must provide to the mortgagor information contained in a form prescribed in section 580.022, subdivision 1, that:

7

(1) foreclosure prevention counseling services provided by an authorized foreclosure prevention counseling agency are available.

The statute does not specify a remedy for failure to comply with the required foreclosure-prevention-counseling-services notice in the foreclosure-by-action context. Appellant suggests that vacation of the foreclosure judgment, and requiring respondents to begin the foreclosure action anew, is the only way to give effect to the statute's notice requirements. To support his argument, appellant cites to a footnote in *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 492 n.3 (Minn. 2009). The footnote provides:

> In 2008, the legislature added an additional prerequisite to foreclosure by advertisement, requiring that "before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021." Act of May 18, 2008, ch. 341, art. 5, § 7, 2008 Minn. Laws 1390, 1422 (codified at Minn. Stat. 580.02 (2008)). Section 580.021 requires the foreclosing party to give notice of the availability of counseling, and to provide the homeowner various contact information for counseling services. Minn. Stat. §§ [*sic*] 580.021 (2008).

*Id.* The supreme court in *Jackson* then went on to note:

> [T]he Minnesota Legislature has amended chapter 580 to help mortgagors facing foreclosure by advertisement . . . . Under the new sections, it is a prerequisite to foreclosure by advertisement that the mortgagees provide mortgagors with information on the availability of counseling. Minn. Stat. §§ 580.02-.22 (2008). The Minnesota Legislature has attempted to provide homeowners facing possible foreclosure by advertisement with greater information and access to help.

*Id.* at 502. "If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void." *Id.* at 494.

Appellant's reliance on *Jackson* is misplaced. *Jackson* discusses application of the statute in the foreclosure-by-advertisement context. This case involves a foreclosure by action. "An alternative to foreclosure by action, foreclosure by advertisement was devised to avoid the delay and expense of judicial proceedings." *Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829 N.W.2d 53, 59 (Minn. 2013) (voiding a foreclosure by advertisement for failure to strictly comply with Minn. Stat. § 580.02(3)). Unlike a foreclosure by advertisement, a foreclosure by action involves judicial review and subsequent approval of the foreclosure process.

Appellant is correct that a strict-compliance standard is applied in foreclosure by advertisement. But no authority requires strict compliance in instances of foreclosure by action. Accordingly, violation of the Minn. Stat. § 580.021 notice requirement does not mandate automatic vacation of the foreclosure judgment.

Because we conclude that strict compliance with the section 580.021, subd. 2, notice is not required in the case of a foreclosure by action, we next consider whether appellant was prejudiced by respondents' failure to provide the foreclosure-prevention-counseling-services notice. *See* Minn. R. Civ. P. 61 (stating that "no error or defect in any ruling or order . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice"); *see also Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 465 (Minn. 1944) ("[E]rror without prejudice is not ground for reversal."). The district court determined that appellant was not prejudiced by respondents' failure to provide notice under section 580.021, subd. 2, taking judicial notice that appellant is a licensed attorney and determining that his status

9

as an attorney was relevant to the question of whether appellant was aware of options to avoid foreclosure.

Appellant's status as an attorney supports the district court's determination that he was not prejudiced by respondents' failure to provide notice of foreclosure prevention counseling services. He should have been aware of options to avoid foreclosure without being advised under section 580.021, subd. 2. And neither at the district court nor on appeal does appellant identify any prejudice suffered by him as a result of the lack of notice. The record does not reveal any prejudice. The district court did not err in ruling that failure to provide notice to appellant under Minn. Stat. § 580.021, subd. 2 did not require dismissal of this foreclosure by action.

### B. Minn. Stat. § 582.041

Appellant also argues that respondents failed to provide notice under Minn. Stat. § 582.041. He asserts that this failure requires vacation of the foreclosure judgment. Again, this is a question of statutory interpretation, and we review de novo. *S.M. Hentges*, 777 N.W.2d at 231.

Minn. Stat. § 582.041, subd. 1 provides:

> If a mortgage on real property is foreclosed and the property contains a portion of a homestead, the person in possession of the real property must be notified by the foreclosing mortgagee that the homestead may be sold and redeemed separately from the remaining property.

Section 582.041 notice provides a procedure for a debtor to allocate a portion of a foreclosed property to be designated as a homestead if it contains a home, and sold separately. *Id.*, subd. 2. The allocated parcels must conform to local zoning ordinances

and be compact so as to not unreasonably reduce the value of the remaining property. *Id.*, subd. 3.  The homestead portion is to be sold separately.  *Id.*, subd.

We have already determined that no authority requires strict statutory compliance in foreclosure-by-action cases.  The failure to give the section 582.041 notice requirement does not mandate vacating the foreclosure judgment, as appellant contends.

Appellant has suffered no prejudice by not receiving the homestead-exemption notice because appellant could not possibly "allocate[] a portion of homestead property to be sold first" under the statute.  Appellant's house is located on a residential lot that is platted as a single-family residence.  Further division of the property is not possible without violating local zoning ordinances.  Moreover, the entire assessed value of appellant's land is significantly lower than the total amount of respondents' claims.  Even if appellant were able to have a separate portion of his property homesteaded, he would only benefit under the statute if that separate parcel could be sold to satisfy the judgment against appellant.  That is impossible on these facts.  Because it would be impossible for appellant to designate a portion of his property to be sold separately from the house itself, he has suffered no prejudice by the failure to provide the homestead-exemption notice.  The district court did not err in excusing respondents' failure to provide such notice.

## IV.    Attorney Fees

Appellant challenges the district court's award of attorney fees.  We review a district court's grant of attorney fees for an abuse of discretion.  *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn. 1987).  "The reasonable value of attorney fees is a question of fact, and we must uphold the district court's findings on that

issue unless they are clearly erroneous." *Andrew L. Youngquist, Inc. v. Cincinnati Ins. Co.*, 625 N.W.2d 178, 188 (Minn. App. 2001).

### A. *Sufficiency of Findings*

In challenging the district court's award, appellant first argues that the district court erred by failing to make sufficient findings of fact to support its award of attorney fees to respondents. A judgment based on insufficient findings will not be sustained on appeal. *See Becker*, 401 N.W.2d at 661 (providing that, on remand, the district court should provide its rationale for denying request for attorney fees so the award could be reviewed by appellate court).

Here, the district court awarded respondents attorney fees in the amount of $28,785.89. The district court made several findings of fact regarding its award of the fees, indicating the analysis it applied and providing its reasoning for the amount awarded to respondents. The district court's findings are more than adequate, and the record before us supports those findings. Accordingly, the district court made sufficient findings to support its award of attorney fees to respondents.

Appellant also argues that the district court shifted to him the burden of proof on the attorney-fees issue. Appellant misapprehends the district court's observation in its finding of fact that appellant presented no argument rebutting the amount of claimed attorney fees. The district court found that respondents met their burden of proof through Samsing's testimony. The court's observation that respondents' request for fees was unopposed by appellant did not amount to a reallocation of the burden of proof.

## B. *Exhibit 14*

Appellant argues that the district court abused its discretion in allowing Exhibit 14, a copy of the billing statements of respondents' attorneys through the day before trial, to be used to refresh Samsing's recollection when she testified at trial. Appellant asserts that the document could not be used to refresh Samsing's memory because Samsing was not the author of the document.

"The admission of evidence rests within the broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (quotation omitted). Under Minn. R. Evid. 612, if a witness has first-hand knowledge about that which he or she is testifying, that witness may legitimately rely on a writing to refresh his or her memory. *See also* Minn. R. Evid. 602. The district court "has wide discretion in permitting use of memoranda [to refresh a witness's memory] and in the references that may be made thereto." *Ostrowski v. Mockridge*, 242 Minn. 265, 274, 65 N.W.2d 185, 191 (1954).

Rule 612 does not require that the individual whose memory is being refreshed be the same individual who authored the document. The rule only requires that the witness have "first-hand knowledge" about the topic to which he or she is testifying. *See* Minn. R. Evid. 602. Here, Samsing testified that she had personal knowledge of the attorney fees that she had incurred, but also indicated that she could not remember the specific amount of the fees. Exhibit 14 was used to refresh her recollection of the exact amount.

13

The district court did not abuse its discretion in allowing Exhibit 14 to be used to refresh Samsing's recollection.

**V.      Amount of Judgment**

Appellant argues that the district court erred in entering judgment against him in the full amount owed on the loan through the date of trial.  Appellant asserts that the district court's error stems, in part, from admitting inadmissible evidence.

Appellant argues that the district court abused its discretion when it received into evidence Exhibit 13, an amortization schedule reflecting the payments made by appellant, the principal amount that remained owing, and the accrual of interest through the date of trial.  Appellant asserts that Exhibit 13 prejudiced him because it was the only evidence offered by respondents regarding the amount due and owing by appellant.

As previously discussed, the district court has broad discretion in making evidence-admissibility determinations, and these rulings will only be overturned if they are based on "an erroneous view of the law or constitute[] an abuse of discretion." *Kroning*, 567 N.W.2d at 45-46.  Over appellant's objection, the district court allowed Exhibit 13 into evidence under Minn. R. Evid. 803(6).  Rule 803(6) allows for the admission of hearsay statements under the business-records exception, provided that a qualified witness testifies that it was the regular practice of the business to create and maintain that record.  *See also Nat'l Tea Co. v. Tyler Refrigeration Co.*, 339 N.W.2d 59, 62 (Minn. 1983) (providing that the business-records exception requires foundation for the document's admissibility to be laid by a qualified witness).  A "qualified witness" need not be an employee of the business.  *See Nat'l Tea*, 339 N.W.2d at 61-62.  "The

14

phrase 'other qualified witness' should be given the broadest interpretation; *he need not be an employee of the entity so long as he understands the system*." *Id.* at 61.

Appellant argues that Samsing is not a "qualified witness" within the meaning of Rule 803(6) because she did not know exactly how Exhibit 13 was produced or the basis for the calculations contained in the document. Despite this, the record supports the district court's admission of the exhibit. At trial, Exhibit 13 was identified by Samsing as a record regularly kept concerning this loan to appellant and reflecting the amounts owed through the date of trial. She testified that the document was prepared, at her direction, by her accountant of fifteen years. Samsing further testified that the accountant first prepared the document at the time the loan was made, that the document was prepared with information Samsing provided to the accountant, that the document accurately reflected the payments appellant made, and she had no reason to believe that there was any error or inaccuracy in the document. Based on this record, we see no abuse of the district court's discretion in finding that proper foundation was provided for Exhibit 13. The district court acted within its discretion in admitting the amortization schedule as a business record.

**Affirmed.**